# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

KIMBERLY BISHOP, )
)
    Claimant, Appellant, )
)
v. )
)
DELMAR NURSING & REHAB )
CENTER )
    Employer, Appellee, )    C.A. No. S23A-08-002 MHC
)
)
AND )
)
UNEMPLOYMENT INSURANCE )
APPEAL BOARD, )
    Administrative Agency, Appellee )
)
)

## ORDER

Submitted: February 20, 2024
Decided: April 08, 2024

*On appeal from a Decision of the Unemployment*
*Insurance Appeal Board,* **AFFIRMED.**

Now, this 8th day of April 2024, upon appeal from the Unemployment Insurance Appeal Board ("Board") it appears that:

1.    Kimberly Bishop ("Claimant") appeals the August 1, 2023, Decision of the Board. The Board found that Delmar Nursing & Rehab Center ("Employer")

discharged Claimant for just cause and that she is disqualified from receiving unemployment benefits.[1] "The dispute between the parties centers around whether Claimant misrepresented her time worked on July 2, 2022. Claimant maintained she worked from home that day. Employer alleged Claimant did not work and, therefore, falsified her time sheet. Per employer's handbook, '[a]ny effort to misrepresent time worked is subject to immediate discharge.'"[2]

2.    The Board's conclusion that Claimant falsified her July 2, 2022, time sheet and was therefore terminated for just cause is based on the following evidence:

> On [July 2, 2022], video surveillance captured Claimant physically arriving to work at 9:21 a.m. She clocked in and, immediately thereafter, left the premises. Video surveillance captured Claimant returning to the premises at 9:56 p.m. when she clocked out. Subsequently, Employer gave Claimant a timecard and she certified that she worked on July 2, 2022. Claimant testified at the Referee Hearing that she worked from home on July 2, 2022. To bolster that claim, Claimant testified that, while she was working from home, she utilized her work-issued laptop to complete work reports. The digital forensic evidence proves otherwise.[3]

Employer's expert witness, forensic analyst Michael Nelson ("Mr. Nelson"), presented the Board with testimony and evidence that Claimant's work issued laptop computer was in "sleep mode" from July 1, 2022, until July 3, 2022, and therefore could not have been used on July 2, 2022.[4] Based on the totality of the evidence the

---

[1] Record at 12.
[2] *Id.* at 9-10 (citing Record at 158).
[3] *Id.* at 11 (internal citations omitted).
[4] *Id.* at 39-40.

Board found that Claimant did not work on July 2, 2022, and therefore deliberately misrepresented hours on her time sheet. Ultimately, the Board found that "Employe[r] had just cause for immediately terminating Claimant."[5]

3. Claimant's appeal comes before this Court pursuant to 19 *Del. C.* § 3323. "Questions of law are reviewed de novo. Absent any errors of law, this court reviews UIAB decisions only for abuse of discretion and ensures its decision does not 'exceed[ ] the bounds of reason.'"[6] This Court's review of the Board's findings of fact is limited "strictly to determine whether there was substantial competent evidence to support the findings of the Board."[7] The burden of persuasion falls on Claimant, as Employer prevailed below.[8] Similarly, "the [C]ourt will consider the record in the light most favorable to the prevailing party below" or in this case the Employer.[9]

4. Claimant makes three primary arguments to the Court in her appeal from the decision of Board: (1) the Board erred as a matter of law by admitting and relying upon after acquired evidence from an expert witness; (2) the Board erred as matter of law by admitting and relying upon the testimony of the expert witness in

---

[5] Record at 12.
[6] *Jones v. Creative Assemblies, Inc.,* 2023 WL 6368321 at *2 (Del. Super. Ct. Sept. 28, 2023) (citing *PAL of Wilmington v. Graham*, 2008 WL 2582986, at *4 (Del. Super. Ct. June 18, 2008)).
[7] *Jones*, 2023 WL 6368321 at *2.
[8] *Id.*
[9] *Id.*

violation of evidentiary rules and; (3) the Board's findings were the result of fraud or deceit committed by the employer and its Counsel.[10]

5.       In the context of employment law, "[t]he after acquired evidence doctrine shields an employer from liability or limits available relief where, after a termination, the employer learns for the first time about employee wrongdoing that would have caused the employer to discharge the employee."[11]  In other words, the doctrine allows an employer to legally justify the termination of an employee with a separate and independent cause that the employer discovered after termination. Claimant argues Mr. Nelson's testimony is after acquired evidence.  Claimant contends the Superior Court has held this doctrine inapplicable in the context of employment law and therefore the Board erred as a matter of law by relying upon it.

6.       Mr. Nelson's testimony is not after acquired evidence.  Employer terminated Claimant because they believed she did not work on July 2, 2022, and therefore misrepresented hours on her timesheet.  Mr. Nelson's testimony did not provide the Board with evidence of a separate and independent cause for terminating Claimant.  Rather, it bolstered and corroborated Employer's already existing basis for terminating Claimant.  Employer made the decision to terminate Claimant based on her misrepresented hours long before Mr. Nelson was retained to serve as an

---

[10] The Court summarily dismissed Claimant's unsubstantiated claims of fraud and deceit at oral argument.

[11] *Schiavello v. Delmarva Systems Corp.*, 61 F. Supp. 2d 110, 113 (D. Del. 1999).

4

expert. Mr. Nelson's expert testimony it is not after acquired evidence and the Board did not err as a matter of law by considering it.

7. Even if Mr. Nelson's testimony were after acquired evidence there is no Delaware caselaw holding the after acquired evidence doctrine inapplicable in the employment context as Claimant represents. Claimant relies on *Lord v. Peninsula United Methodist Homes, Inc.*,[12] suggesting that the memorandum opinion holds the after acquired evidence doctrine inapplicable in the employment context. This is simply not true. In *Lord*, the Court declined to apply the doctrine and ultimately refused to grant summary judgment based solely upon it. Judge Graves opined:

> Even if this Court were to find that the doctrine is applicable to the matter *sub judice*, which this Court expressly declines to do at this time, a grant of summary judgment under the doctrine is only appropriate in the absence of a material factual dispute concerning whether Lord's actions warranted independent dismissal.[13]

Declining to find the doctrine applicable is distinguishable from affirmatively holding the doctrine inapplicable, yet that is exactly what Claimant represented to the Court in her filings and at oral argument. As a matter of law, Claimants' contention that the "Delaware Superior Court does not allow after-acquired evidence

---

[12] 2001 WL 392237 (Del. Super. Ct. Apr. 12, 2001).
[13] *Id.* at 7.

in the employment context"[14] is incorrect. Further, Delaware has accepted the after acquired evidence doctrine.[15]

8. The Board did not violate the Delaware Rules of Evidence by admitting and relying on Mr. Nelson's testimony. "The Board follows the Delaware Rules of Evidence."[16] Claimant contends that Mr. Nelson's testimony was not based on sufficient facts or data as required by D.R.E. 702(b). Additionally, Claimant argues Mr. Nelson did not establish a chain of custody and therefore did not have a sufficient basis for expressing his opinion as required by D.R.E. 705(b). Mr. Nelson testified to discovering data unique to Claimant on the computers such as her internet search history, her user accounts, and her emails.[17] Mr. Nelson further testified to physically taking possession of, photographing, documenting, establishing, and maintaining a chain of custody for two computers used by Claimant.[18] Mr. Nelson's testimony provided the Board with sufficient facts and data for the Board to admit and rely upon his expert testimony in satisfaction of D.R.E 702(b). Likewise, sufficient evidence existed for the Board to conclude that Mr. Nelson established and maintained a chain of custody over the computers in satisfaction of D.R.E 705(b). Therefore, the Board's consideration and reliance upon Mr. Nelson's

---

[14] Claimant-Appellant's Opening Brief at 18.
[15] *Metro Storage Int'l LLC v. Harron*, 275 A.3d 810, 879 (Del. Ch. 2022); *Davenport Grp. MG, L.P. v. Strategic Inv. Partners, Inc.*, 685 A.2d 715, 723 (Del. Ch. 1996).
[16] Record at 89.
[17] *Id.* at 41-42.
[18] *Id.* at 35.

testimony was not violative of the Delaware Rules of Evidence and not an error of law.

9. Claimant alleges that the Board erred as a matter of law by allowing Mr. Nelson's testimony in violation of the Board's rules of evidence. Particularly, Claimant argues that Mr. Nelson's testimony is irrelevant to the issue before the Board and therefore inadmissible. "The Board may consider any relevant evidence relating to any issue raised below, whether or not that issue was decided by a Hearing Officer."[19] Claimant testified under oath that she worked from home on her laptop on July 2, 2022. Mr. Nelson's testimony and supporting exhibits show that Claimant's laptop was never awake on July 2, 2022. Therefore, Nelson's testimony is relevant to the underlying issue of whether Claimant worked on July 2, 2022. The Board's consideration of Mr. Nelson's testimony and evidence did not violate the Board's evidentiary rules. As such, the Board did not err as a matter of law by considering Mr. Nelson's testimony and evidence.

10. Seeing as the Board did not err as a matter of law, this analysis shifts to a determination of "whether there was substantial competent evidence to support the findings of the Board."[20] The Board reached its conclusion based on the following facts. On July 2, 2022, Claimant was seen arriving and leaving work but performed

---

[19] 19 *Del. Admin. C.* § 1201 at 4.7.
[20] *Jones*, 2023 WL 6368321 at *2.

no tasks while there.[21]  She signed her time sheet verifying that she worked that day.[22]  She did not notate that she was working from home on her time sheet.[23]  She testified that she was working from home,[24] yet Employer's expert presented evidence that her computer was in sleep mode the entire day.[25]  Viewed in the light most favorable to Employer, the record establishes evidence in support of the Board's finding that Claimant was terminated for just cause because she did not work on July 2, 2022, and deliberately falsified her timesheet in violation of Employer's policy.

Therefore, the August 1, 2023, Decision of the Unemployment Insurance Appeal Board is **AFFIRMED.**

**IT IS SO ORDERED.**

/s/ *Mark H. Conner*
Mark H. Conner, Judge

---

[21] Record at 141-149.
[22] Record at 127.
[23] *Id.*
[24] *Id.* at 219.
[25] *Id.* at 40.